**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| YHAN RIVERIA, | : |
| Petitioner, | : Civil No. 05-4906 (RBK) |
| v. | : |
| WARDEN JOHN NASH, | : **OPINION** |
| Respondent. | : |

**APPEARANCES:**

    YHAN RIVERIA, Petitioner <u>pro se</u>
    #80662-054
    F.C.I. Fort Dix
    Unit 5702, P.O. Box 2000
    Fort Dix, New Jersey 08640-0902

    CHRISTOPHER J. CHRISTIE
    United States Attorney
    DOROTHY J. DONNELLY, ESQ.
    Assistant U.S. Attorney
    402 East State Street, Room 430
    Trenton, New Jersey 08608
    Counsel for Respondent

**KUGLER, District Judge**

    This matter is before the Court on petitioner Yhan Riveria's ("Riveria") application for habeas corpus relief under 28 U.S.C. § 2241. Respondent filed an answer to the petition on or about May 10, 2006; and petitioner filed objections thereto on September 12, 2006. The Court has reviewed all documents

submitted and, for reasons now discussed, will dismiss the petition.

## BACKGROUND

Riveria is presently in custody at F.C.I. Fort Dix in Fort Dix, New Jersey, serving a 336-month prison sentence, as imposed by the United States District Court for the Southern District of New York on July 27, 1992, for his conviction of drug trafficking offenses. His projected release date is March 28, 2015. See SENTRY Public Information Data Sheets, Exhibit 1 to the Declaration of William Odom, Captain at FCI Fort Dix.[1]

Riveria submitted this § 2241 habeas petition on or about October 13, 2005 with respect to an administrative grievance he filed in April 2005 that resulted in his confinement in administrative segregation for a period of time. On April 10, 2005, Riveria filed a BP-8 administrative remedy form, complaining about Officer Scarborough's use of abusive language towards petitioner. Officer Scarborough would not allow Riveria to go to "early chow," even though Riveria had a pass to do so. It was apparent, according to Riveria, that Officer Scarborough was discriminating against Hispanic prisoners. (Petition at pg. 2).

---

[1] The Declaration of William Odom ("Odom Decl.") was submitted by the respondent with the answer to the petition.

On April 18, 2005, Officer Scarborough again refused petitioner's pass for early chow without reason.  Officer Scarborough handcuffed Riveria and was verbally abusive to him.  Later that day, Officer Scarborough did a pat down search of Riveria to intimidate him.

Riveria filed a second complaint against Officer Scarborough on May 16, 2005, asking that Officer Scarborough's violations of the prison regulations be investigated.  In response to this complaint, on May 19, 2005, Riveria was placed in administrative segregation or the Special Housing Unit ("SHU") for his protection.  He remained in the SHU from May 19, 2005 until September 2, 2005.  On June 29, 2005, Riveria filed his final tier of administrative remedy.[2]  He sought information as to the investigation into Officer Scarborough's conduct.  He has not

---

[2]  The BOP Administrative Remedy Program is a three-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."  28 C.F.R. § 542.10.  An inmate must initially attempt to informally resolve the issue with institutional staff.  28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  28 C.F.R. § 542.14.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a).  The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.

received any response.  Therefore, he filed this habeas petition in October 2005 seeking to obtain a report of the outcome of the investigation.  He claims that he has exhausted his available administrative remedies.

In his objections to the respondent's answer, Riveria repeats his request for relief, namely that he be provided with copies of documents pertaining to the investigation of his complaints.  He states that he is being denied due process.  He admits, however, that he is not challenging the length of his incarceration.

### III.  DISCUSSION

#### A.  Standard of Review

Riveria seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

4

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Characterization of Petition Under § 2241

Riveria characterizes his action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Respondent argues that because petitioner does not seek immediate or earlier release from confinement, a § 2241 petition is not the appropriate avenue for relief, and the action should be dismissed.

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).  An action under § 2241 "generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions."  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)(emphasis in original).[3]  See also

---

[3] But see Wright v. Cuyler, 624 F.2d 455 (3d Cir. 1980), where the Third Circuit ruled that a § 1983 civil rights action was the appropriate vehicle for a state prisoner challenging a non-admission to a home-furlough program.  The court noted that plaintiff's "demand for a fair application of the [program] eligibility criteria, as distinct from his demand for admission to the program, relates to the manner by which the prison authorities reach their decision and not the outcome of their decision."  Id. 624 F.2d at 458 n.5.  Thus, because the plaintiff was seeking fair decisionmaking procedures, rather than release, the action was a § 1983 claim.  Id.  See also Georgevich v.

Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)("petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 ..."); Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000)("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which the sentence is being carried out or the prison authorities' determination of its duration ..."); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 (2d Cir. 1991)("challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241"); United States v. Ferri, 686 F.2d 147, 158 (3d Cir. 1982), cert. denied, 459 U.S. 1211 (1983)(claims attacking the execution of a petitioner's sentence are properly brought under 28 U.S.C. § 2241). A petition under § 2241 in the district where the federal inmate is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert. denied, 429 U.S. 851 (1976).

---

Strauss, 772 F.2d 1078, 1087 (3d Cir. 1985)(en banc), cert. denied, 475 U.S. 1208 (1986). Moreover, the Third Circuit recognized in both Wright and Georgevich that success in the § 1983 action might affect the duration of the prisoners' confinement, but this indirect, eventual consequence was not a sufficient reason to characterize the claims as exclusively maintainable as a habeas petition. See Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993).

Indeed, "Section 2241 of title 28 has long been recognized as the basis for challenging the execution of the sentence of a person in federal custody or a person sentenced for violating a federal criminal statute." Zucker v. Menifee, 2004 WL 102779, *3 (S.D.N.Y. January 21, 2004)(citing Maleng v. Cook, 490 U.S. 488, 493 (1989)(per curiam)).

Here, however, Riveria challenges the manner in which his administrative grievance is being processed.  He seeks only a copy of the documents or report relating to the investigation of his complaint against Officer Scarborough.[4]  He does not allege any loss of good conduct time that would affect the length of his sentence.  At most, he complains that he was placed in the SHU for his own protection for several months, but this did not affect the length of his sentence.

Accordingly, the Court agrees with respondent that petitioner does not seek the type of relief appropriate on a habeas petition under 28 U.S.C. § 2241.  Therefore, the petition should be dismissed.

---

[4] The respondent asserts that, in response to Riveria's remedy request, petitioner was informed that he would not receive a copy of the completed investigation.  No reason was given for this refusal to provide a copy of the investigation; however, respondent now contends that such reports are protected and release of such information would jeopardize security at the prison and possibly pose a threat to the safety of the individual officer.

C.  <u>Failure to State a Claim Upon Which Relief May Be Granted</u>

It is appropriate for the Court to construe the <u>pro se</u> litigant's pleading liberally even though Riveria has not asserted other avenues of potential relief except under 28 U.S.C. § 2241.  However, even if the Court were to characterize the pleading as a civil complaint under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a declaratory action under the Administrative Procedures Act, or a mandamus petition under 28 U.S.C. § 1361, under the most liberal construction, the pleading is subject to dismissal because it fails to state a claim under any of these avenues for relief.

First, Riveria does not seek damages; therefore, his pleading seeking only a copy of an investigation report cannot be characterized as a <u>Bivens</u> action.  Second, Riveria is not entitled to issuance of a writ of mandamus under 28 U.S.C. § 1361 because he has not demonstrated that the Bureau of Prisons has a non-discretionary duty to provide Riveria with the investigation results he seeks.

To be eligible for mandamus relief, a petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy.  <u>See</u> <u>Rios v. Ziglar</u>, 398 F.3d 1201 (10th Cir. 2005).  <u>See also</u> <u>Cheney v. U.S. Dist. Court for the Dist. Of Columbia</u>, 124 S.

8

Ct. 2576, 2593-94 (2004)("Mandamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear, non-discretionary duty.'")(*citing* Heckler v. Ringer, 466 U.S. 602 (1984)).  Riveria has not alleged or established any of these requirements.  Moreover, there is no allegation that the Bureau of Prisons ("BOP") owes petitioner, an inmate, a clear duty to provide him with an internal investigative report on a prison officer's misconduct.

Finally, Riveria would not be entitled to relief under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706.  The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  See also Brock v. Pierce County, 476 U.S. 253, 260 n. 7 (1986)(noting that the APA permits the district court to compel agency action).

In this case, as noted above, the BOP is under no obligation to furnish Riveria the results of its investigation into the misconduct of Officer Scarborough.  As an inmate, Riveria is not entitled to information concerning an officer's personnel action, where release of such information could jeopardize the security of the institution or the safety of the individual officer.

9

Moreover, it does not appear that Riveria has been aggrieved by the action taken by the BOP. The BOP conducted an investigation as required under BOP Program Statement 3420.09, <u>Standards of Employee Conduct</u>. Petitioner also was removed from the housing unit where the officer was assigned, and placed into administrative segregation for his own protection for the short period of time that the investigation occurred, from May 19, 2005 until September 2, 2005.[5] Thus, this Court finds no allegations

---

[5] This short period of time in administrative segregation does not constitute a constitutional deprivation. As a general rule, an inmate does not have a liberty interest in assignment to a particular institution or to a particular security classification. <u>See</u> <u>Wilkinson v. Austin</u>, 125 S.Ct. 2384, 2393 (2005)(the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>Montayne v. Haymes</u>, 427 U.S. 236, 243 (1976); <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"). <u>See</u> <u>also</u> <u>Sandin v. Connor</u>, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met).

Further, the placement of prisoners within the federal prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." <u>Id.</u>, 427 U.S. at 225. <u>See</u> <u>also</u> <u>Walker v. Hughes</u>, 558 F.2d 1247, 1252 (6th Cir. 1977)("Federal statutory law gives federal prison officials full discretion in the treatment of prisoners and does not restrict

asserted in the petition that would serve to convert this action to one entitled to judicial review under the APA.

Therefore, because Riveria cannot show any federal constitutional or statutory entitlement to compel production of an investigative report on an individual officer's conduct review, his petition must be dismissed because Riveria does not assert a challenge that he is in custody in violation of federal constitutional or statutory law.

---

the authority of prison officials over the inmates as to placement in more restrictive living status, transfer to other prisons, subjection to significant and adverse effects on parole dates, and deprivation of privileges"). Generally, broad deference is to be accorded the BOP's discretion in managing its facilities and executing policies and practices that deal with day-to-day operations and administration of the prisons. See Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989); Turner v. Safley, 482 U.S. 78, 84-85 (1987); Bell v. Wolfish, 441 U.S. 520, 547 (1979); Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977).

Thus, for Riveria to establish the existence of a liberty interest here, he must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," Sandin, 515 U.S. at 484, or that the Government's action "will inevitably affect the duration of his sentence." Id. at 487. Riveria has made neither showing.

CONCLUSION

    For the reasons set forth above, the petition for habeas relief will be dismissed because it does not assert a challenge that Riveria is in custody in violation of federal constitutional or statutory law.  An appropriate order follows.


                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge

Dated: September 22, 2006